UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOOKIT OPERATING, LLC d/b/a BOOKIT.COM, a Florida limited liability company,<br><br>       Plaintiff,<br><br>    v.<br><br>WF MEDIA SERVICES, INC., a California corporation, KIMBERLY FLETCHER, a/k/a Kimberly Sperling, individually, and STEVEN WEXLER, individually<br><br>       Defendants. | CV 14-05946 (RZx)<br><br>**ORDER Re: DEFENDANT KIMBERLY FLETCHER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [17]; DEFENDANT WF MEDIA SERVICES, INC.'S MOTION FOR JOINDER IN MOTION TO DISMISS [19]** |

     The Court is in receipt of Defendant Kimberly Fletcher's ("Defendant Fletcher") Motion to Dismiss Plaintiff's First Amended Complaint [17] and Defendant WF Media Services, Inc.'s Motion for Joinder in Defendant Fletcher's Motion to Dismiss [19].  Having considered all the arguments presented, the Court now

1

**FINDS AND RULES AS FOLLOWS:**

The Court **GRANTS** Defendant WF Media Services, Inc.'s Motion for Joinder. The Court **DENIES** Defendant Fletcher's Motion to Dismiss in its entirety.

## DISCUSSION

**A.   Legal Standard**

<u>Motion to Dismiss</u>

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. Dismissal can be based on a lack of cognizable legal theory or lack of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). However, a party is not required to state the legal basis for its claim, only the facts underlying it. <u>McCalden v. Cal. Library Ass'n</u>, 955 F.2d 1214, 1223 (9th Cir. 1990). In a Rule 12(b)(6) motion to dismiss, a court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991).

The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of its claim. <u>Swierkiewica v. Sorema N.A.</u>, 534 U.S. 506, 511 (2002). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). Although specific facts are not necessary if the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Rule 9 specifies a heightened pleading standard for fraud claims, requiring a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

If dismissed, a court must then decide whether to grant leave to amend. The Ninth Circuit has repeatedly held that a district court should grant leave to amend even if no request to amend the pleadings was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B.   Analysis**

    1.   The Fraud Claim

In California, a claim for fraud requires a plaintiff to prove (a) a misrepresentation; (b)

3

knowledge of falsity; (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage. Lazar v. Superior Court, 12 Cal. 4th 631, 638, 909 P.2d 981 (1996). Therefore, Plaintiff must allege sufficient facts, that taken as true with all reasonable inferences, state a claim for fraud.

While Defendant Fletcher contends that Plaintiff has failed to state with particularity the claims against her specifically, Plaintiff alleges several specific misstatements and omissions with knowledge of falsity made by Defendant Fletcher, including: a February 2012 e-mail regarding commission rates, Compl. Ex. B; an October 14, 2012 e-mail from Fletcher to Plaintiff indicating she would clearly articulate all new financial information for future campaigns; e-mails regarding fraudulent invoices, Compl. Exs. G, H, in which Defendant Fletcher was copied; and other communications throughout the duration of the relationship. Accordingly, Plaintiff has sufficiently alleged with particularity the circumstances constituting fraud or mistake. Plaintiff must also allege intent to defraud. Here, Plaintiff has alleged a multi-year initiative by Defendants, including Defendant Fletcher, to defraud Plaintiff by overcharging it for services rendered. See, e.g., Compl. ¶¶ 92, 98, 99-108, 110-114. With respect to justifiable reliance, Plaintiff has alleged throughout the complaint that its close and longstanding

relationship with Defendants led it to rely on their cost estimations and billing practices.  <u>See</u>, <u>e.g.</u>, ¶¶ 72-88, 99-114.  Finally, Plaintiff has alleged damages. Accordingly, Defendant Fletcher's Motion to Dismiss the claim for fraud is denied.

    2.  <u>The Breach of Fiduciary Duty Claim</u>

A claim for breach of fiduciary duty requires a plaintiff to plead: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damages resulting from the breach.  Defendant Fletcher disputes that she had a fiduciary relationship with Plaintiff, instead contending that "WF Media functioned as BookIt's advertising company and would buy media on behalf of BookIt . . . WF Media was BookIt's vendor—nothing more."  Mot. 7:15-18.  Plaintiff claims, to the contrary, that WF Media and Fletcher were Plaintiff's agent, which provides "one of the traditional bases for imposing fiduciary duties." Opp'n 4:21-25 (citing <u>Michelson v. Hamada</u>, 29 Cal. App. 4th 1566, 1580 (1994).

An agent is "one who represents another, called the principal, in dealings with third persons . . . Whether a person performing work for another is an agent depends primarily upon whether the one for whom the work is done has the legal right to control the activities of the alleged agent."  <u>Michelson v. Hamada</u>, 29 Cal. App. 4th 1566, 1579 (1994) (citing Cal. Civ. Code § 2295 and <u>Malloy v. Fong</u>, 37 Cal.2d 356, 370

(1951). Thus, the question of whether Defendant Fletcher was an agent or merely a vendor is a factual one. See Rookard v. Mexicoach, 680 F.2d 1257 (9th Cir. 1982). Only if Plaintiff fails to allege sufficient facts taken as true that Defendant Fletcher was an agent should this claim be dismissed. Plaintiff claims that Defendant Fletcher was appointed the position of "Director of Media Solutions" in order "to oversee the selling of off-line media campaigns." Compl. ¶ 169. Plaintiff alleges that Defendant Fletcher "was given her own BookIt business cards and her own BookIt email address" and that she "used her position within BookIt to represent herself to third party media companies as both an agent and officer of BookIt." Id. ¶¶ 170-71. Plaintiff then alleges that this created a fiduciary duty that Defendant Fletcher then breached, resulting in damages. Id. ¶¶ 173-175. These allegations could give rise to a reasonable inference that Defendant Fletcher was performing work for Plaintiff such that an agent-principal relationship was created. Accordingly, Defendant Fletcher's Motion to Dismiss the claim for breach of fiduciary duty is denied.

      c.  *Alter Ego Liability*

Plaintiff also seeks to impose alter ego liability to pierce the corporate veil of Defendant WF Media Services. Compl. ¶ 183. Alter ego liability permits a court to disregard the corporate entity and to hold the individual shareholders liable for the actions of the

corporation. Alter ego liability is not a separate cause of action in and of itself, but "is only a means of imposing liability for an underlying cause of action and is not a cause of action in itself." Local 159 v. Norcal Plumbing, Inc., 185 F.3d 978, 985 (9th Cir. 1999). Despite being stated as the fifth "count," Plaintiff is asserting alter ego liability in this manner: "BookIt seeks to hold Defendant [Fletcher] and Defendant Wexler jointly and severally liable for the claims against WF." Compl. ¶ 192; see also Opp'n 7:11-13 ("With the last count of its Complaint, BookIt seeks to pierce the corporate veil and hold Fletcher and Wexler personally liable for the claims against WF Media for fraud, breach of fiduciary duty, and breach of contract.") Accordingly, the Court analyzes this theory not as a stand-alone claim, but to determine whether alter ego liability may present an alternate means of accessing Claims 1 (Fraud), 2 (Breach of Fiduciary Duty), and 4 (Breach of Contract).

In order to assert alter ego liability, Plaintiff must allege sufficient facts to demonstrate such "unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist" and that "if the acts are treated as those of the corporation alone, an inequitable result will follow." Mesler v. Bragg Mgmt. Co., 39 Cal. 3d 290, 300, 702 P.2d 601 (1985). To satisfy the second requirement, California courts typically require

7

1  evidence of bad faith conduct.  <u>Mid-Century Ins. Co. v.</u>
2  <u>Gardner</u>, 9 Cal.App.4th 1205, 1213 (1992).  Plaintiff
3  alleges a series of actions in bad faith "including
4  misrepresentation and willful breach," <u>Pac. Mar.</u>
5  <u>Freight, Inc. v. Foster,</u> No. 10-CV-0578-BTM-BLM, 2010
6  WL 3339432, at *7 (S.D. Cal. Aug. 24, 2010), for its
7  claims.  <u>See</u> Compl. ¶¶ 186 ("Wexler and [Fletcher] used
8  the corporate fiction of WF to advance their
9  intersts"), 187 (WF disbursed all of its proceeds to
10 [Fletcher] and Wexler"), 189 ("SF made payments to
11 Sperling and Wexler of monies so as to make it
12 difficult for WF's creditors, such as BookIt"), 190
13 ("Wexler's and [Fletcher's] use of WF for the
14 fraudulent purpose of shielding Wexler and [Fletcher]
15 from personal liability from their fraudulent
16 activities was an improper and abusive use of WF's
17 corporate form").  Accordingly, the Court declines to
18 dismiss alter ego liability as an alternate form of
19 liability for the Fraud, Breach of Fiduciary Duty, and
20 Breach of Contract claims.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the reasons discussed above, Defendant Fletcher's Motion to Dismiss is **DENIED** in its entirety. **IT IS SO ORDERED.**

DATED: May 7, 2015

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge